# EXHIBIT A

Thuy M. Le, Esq. (SBN: 265000)
**Law Offices of Thuy M. Le, PC**
131A Stony Circle, Suite 500
Santa Rosa, CA 95401
Telephone: (707) 343-8845
Facsimile: (707) 343-2012
Email: thuy@thuymlelaw.com

Attorney for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
09/02/2025 at 10:28:22 PM
By: Danielle Harbour,
Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| ARIANA STERLING,<br><br>Plaintiffs,<br><br>v.<br><br>SHARKNINJA SALES COMPANY; COSTCO WHOLESALE CORP.; and DOES 1 to 10,<br><br>Defendants. | Case No:  25CV140567<br><br>**PLAINTIFF ARIANA STERLING'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1.    **Strict Products Liability (Failure to Warn)**<br>2.    **Strict Products Liability (Design Defect)**<br>3.    **Strict Products Liability (Manufacturing Defect)**<br>4.    **Negligence**<br>5.    **Breach of Warranty** |

Plaintiff ARIANA STERLING (hereinafter "Plaintiff") is an individual and resident of Alameda County, who brings this Complaint against Defendants SHARKNINJA SALES COMPANY; COSTCO WHOLESALE CORP.; and DOES 1 to 10, inclusive, (collectively "Defendants") and each of them for the allegations set forth below. Defendant SHARKNINJA SALES COMPANY (hereinafter "SHARKNINJA"), is a corporation organized and existing under the laws of the State of Delaware, with their principal places of business located in Needham,

1

Massachusetts, and defendant COSTCO WHOLESALE CORP. (hereinafter "COSTCO") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located Issaquah, Washington. Plaintiff alleges against all Defendants as follows: All Defendants market and distribute SharkNinja Foodi OP300 Series Multi-Function Pressure Cookers (hereinafter "PRESSURE COOKERS"), and related products in Alameda, California. Defendant COSTCO maintains several physical stores in California, including the store in Livermore, California, where Plaintiff purchased the subject Ninja Foodi Cooker, Model No. 0P350C0 107 (hereinafter "DEFECTIVE PRESSURE COOKER").

## JURISDICTION AND VENUE

Jurisdiction is proper in this Court because the alleged damages exceed $35,000. Venue is proper under CCP § 395 because the acts, omissions, and transactions giving rise to this action occurred in substantial parts in Alameda County, California and defendants put the subject product into the stream of commerce in Alameda County for profit.

## GENERAL ALLEGATIONS

1.      This action arises from an incident on or about September 7, 2023, where Plaintiff ARIANA STERLING was severely injured using DEFECTIVE PRESSURE COOKER that she purchased at Defendants. Plaintiff ARIANA STERLING was using the DEFECTIVE PRESSURE COOKER in a foreseeable and intended way when the lid exploded while she was cooking soup, subsequently causing significant burns to her abdomen and left arm. Plaintiff was 25 weeks pregnant at the time of the incident. Because of the explosion, Ms. Sterling suffered first and second-degree burns, resulting in permanent scarring and skin discoloration.

2.      Plaintiff alleges upon information and belief that Defendant SHARKNINJA is a division of Euro-Pro Sales Company that designs manufactures and distributes household consumer products, such as Ninja™ FlexFlame™ 5-in-1 Outdoor Cooking System, Ninja Luxe Café, and advanced cookware options. Plaintiff further alleges upon information and belief that Defendant SHARKNINJA conducted business in Alameda County at all times relevant to this action. Defendant SHARKNINJA continuously and systematically places household consumer products, such as the DEFECTIVE PRESSURE COOKER, into the stream of commerce in California that was purchased by Plaintiff

ARIANA STERLING and subsequently caused her injuries in Alameda County.

3.    Plaintiff ARIANA STERLING alleges upon information and belief that Defendant COSTCO is, and at all relevant times mentioned herein was, conducting business in California, through its agents and/or employees, and is the alter ego and/or joint venture of other corporations, entities, and business interests, each of which is conducting business in the County of Alameda in the State of California. Defendant COSTCO is a retail chain which maintains several physical stores and conducts business, including the store located at 2800 Independence Drive in Livermore California. Defendant COSTCO is involved in the distribution and sale of Ninja Foodi Cooker, Model No. 0P350C0 107, including the DEFECTIVE PRESSURE COOKER purchased by Plaintiff ARIANA STERLING that is the subject of this lawsuit.

4.    Plaintiff ARIANA STERLING alleges upon information and belief that Defendant COSTCO offered Ninja Foodi Cooker, Model No. 0P350C0 107, including the DEFECTIVE PRESSURE COOKER, for sale to ordinary consumers and users, such as Plaintiff ARIANA STERLING. At the time Plaintiff ARIANA STERLING purchased the DEFECTIVE PRESSURE COOKER, Defendant COSTCO was an authorized dealer/distributor kitchen appliance product, including the DEFECTIVE PRESSURE COOKER.

5.    Plaintiff ARIANA STERLING does not know the true names and capacities, whether individual, corporate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, and therefore sue them by those fictitious names under Code of Civil Procedure Section 474. Plaintiff ARIANA STERLING alleges upon information and belief that each defendant designated herein as a DOE defendant is legally responsible in some manner for the unlawful acts referred to herein which directly and proximately caused Plaintiff ARIANA STERLING's injuries as alleged. Plaintiff will amend this Complaint to reflect the true names and capacities of each defendant designated herein as a DOE defendant when such identities become known.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

6.    Plaintiff ARIANA STERLING incorporates by reference all allegations detailed above as though fully set forth herein.

7.    Plaintiff ARIANA STERLING alleges upon information and belief that DEFENDANT

SHARKNINJA designed, manufactured, marketed, and distributed kitchen appliance products, including the DEFECTIVE PRESSURE COOKER, which caused Plaintiff's injuries.

8.    Plaintiff ARIANA STERLING alleges upon information and belief that DEFENDANT SHARKNINJA designed, manufactured, marketed, and distributed kitchen appliance products, including the DEFECTIVE PRESSURE COOKER, for subsequent sale to ordinary consumers and users such as Plaintiff ARIANA STERLING in Alameda County.

9.    Plaintiff alleges upon information and belief that Defendant SHARKNINJA, under an agreement between Defendant COSTCO, offered the DEFECTIVE PRESSURE COOKER for sale to ordinary consumers and users, such as Plaintiff. At the time plaintiff purchased the shoes from Defendant COSTCO, it was an authorized dealer / distributor of Defendant SHARKNINJA's products in Alameda County California.

10.    Plaintiff alleges on information and belief that the packaging of her DEFECTIVE PRESSURE COOKER did not contain instructions or warnings of the pressure-cooking lid that may be opened during use, causing hot contents to escape, posing a risk of burn injuries to consumers.

11.    Defendant SHARKNINJA warrantied its products to be safe from defects, at the time plaintiff purchased such products.

12.    Based on the information provided by Defendant SHARKNINJA, it is reasonably foreseeable that consumers would expect that they would be able to safely use the Ninja Foodi Cooker, Model No. 0P350C0 107.

13.    At no time was there any sufficient warning from Defendants that the pressure-cooking lid that may be opened during use, causing hot contents to escape, posing a risk of burn injuries to consumers, including Plaintiff.

14.    Plaintiff alleges upon information and belief that, when the subject incident occurred, the DEFECTIVE PRESSURE COOKER failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

15.    Plaintiff alleges upon information and belief that an ordinary consumer would not have expected the DEFECTIVE PRESSURE COOKER to fail as it did when the subject incident occurred.

16.    Plaintiff alleges upon information and belief that as of Plaintiff's purchase of

4

DEFECTIVE PRESSURE COOKER, the safety-related risks, and dangers inherent in the design of the pressure-cooking lid outweighed the benefits of that design.

17.    Plaintiff alleges upon information and belief that as of Plaintiff's purchase of her Ninja Foodi Cooker, Model No. 0P350C0 107, due to the defective design of the pressure-cooking lid, serious personal injury, could result from an ordinary consumer's use.

18.    Plaintiff alleges upon information and belief that as of Plaintiff's purchase of her Ninja Foodi Cooker, Model No. 0P350C0 107, due to the defective design of the pressure-cooking lid, it was reasonably foreseeable to Defendants that serious personal injuries likely would result from an ordinary consumer's use of the DEFECTIVE PRESSURE COOKER.

19.    Plaintiff alleges upon information and belief that as of Plaintiff's purchase of her Ninja Foodi Cooker, Model No. 0P350C0 107, Defendants knew or should have known that if an ordinary consumer were using the pressure cooker, in the manner Plaintiff was using it when the subject incident occurred that the consumer would be subject to significant risk of harm.

20.    Plaintiff alleges upon information and belief that as of the design and manufacture of the subject pressure cooker, including the pressure-cooking lid, alternative designs for lid existed that would have significantly reduced the risk of serious personal injury from an ordinary consumer's use of the pressure cooker.

21.    Plaintiff alleges on information and belief that as of the design of the Ninja Foodi Cooker, Model No. 0P350C0 107, the financial costs of alternative designs of the pressure-cooking lid were neither substantial nor prohibitively costly and would have significantly reduced the risk of serious personal injury from an ordinary consumer's use.

22.    Plaintiff alleges upon information and belief that as of the design of the Ninja Foodi Cooker, Model No. 0P350C0 107, no adverse consequences to an ordinary consumer that would have resulted from alternative designs of the pressure-cooking lid.

23.    Plaintiff alleges upon information and belief that, at all times relevant to this action, Defendants knew or should have known that: (a) the design of the Ninja Foodi Cooker, Model No. 0P350C0 107 was defective as alleged herein; (b) the pressure-cooking lid could not safely be used in the manners intended and this was reasonably foreseeable because of the design defects alleged herein

and / or (c) the pressure-cooking lid was defectively manufactured.

24. Plaintiff alleges upon information and belief that on or around May 1, 2025, Defendant SHARKNINJA recalled 1.8 million of the same or similar pressure cookers, including the DEFECTIVE PRESSURE COOKER, due to burn hazards and/or serious burn injuries. Plaintiff alleges upon information and belief that Defendant SHARKNINJA received 106 reports of burn injuries, including more than 50 reports of second- or third-degree burns to the face or body, with 26 lawsuits filed. (*See* https://www.cpsc.gov/Recalls/2025/SharkNinja-Recalls-1-8-Million-Foodi-Multi-Function-Pressure-Cookers-Due-to-Burn-Hazard-Serious-Burn-Injuries-Reported).

25. On or around December 23, 2020, Plaintiff ARIANA STERLING purchased the DEFECTIVE PRESSURE COOKER at Defendant COSTCO'S store, located at 2800 Independence Drive, Livermore in California.

26. On or about September 7, 2023, Plaintiff ARIANA STERLING was 25 weeks pregnant and preparing soup in her DEFECTIVE PRESSURE COOKER. When the DEFECTIVE PRESSURE COOKER deemed complete, she released the pressure from the cooker and waited several minutes ensuring there was no pressure or air in the cooker before attempting to remove the lid.

27. As she attempted to remove the lid from the DEFECTIVE PRESSURE COOKER, the lid caused Plaintiff's scalding hot contents to explode onto her suddenly and unexpectedly. Plaintiff ARIANA STERLING transported herself to the Stanford emergency room, and she was diagnosed with burns over her pregnant abdomen and left arm.

28. At the hospital, Plaintiff ARIANA STERLING was treated for severe burns to her abdomen and left arm. The explosion took a significant toll on Plaintiff ARIANA STERLING's physical and emotional health as she was 25 weeks pregnant at the time of her injuries.

29. Plaintiff ARIANA STERLING alleges that the resulting injuries were caused by the DEFECTIVE PRESSURE COOKER and by Defendants' negligence.

30. As a direct and proximate result of the subject incident and Defendants' acts or omissions as alleged herein, Plaintiff ARIANA STERLING has suffered non-economic damages, economic damages and monetary losses including, but not limited to: (a) physical pain; (b) emotional distress; (c) physical impairment; (d) inconvenience; (e) medical expenses; and (f) loss of earnings.

## FIRST CAUSE OF ACTION

### Strict Products Liability (Failure to Warn)

(By Plaintiff ARIANA STERLING against Defendants COSTCO, SHARKNINJA, AND DOES 1 – 10)

31.     Plaintiff ARIANA STERLING incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

32.     At all times mentioned herein, Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, warranting, leasing, renting, retailing, wholesaling, and advertising the SharkNinja Foodi OP300 Series Multi-Function Pressure Cookers, including the Ninja Foodi Cooker, Model No. 0P350C0 107 Plaintiff ARIANA STERLING purchased and used.

33.     On or about September 7, 2023, Plaintiff ARIANA STERLING was 25 weeks pregnant and preparing soup in her Ninja Foodi Cooker, Model No. 0P350C0 107. When the DEFECTIVE PRESSURE COOKER was complete, she released all pressure from the cooker and waited several minutes ensuring there was no pressure or air in the cooker before attempting to remove the lid. As she attempted to remove the lid from the DEFECTIVE PRESSURE COOKER, the defective lid caused Plaintiff's scalding hot contents to explode onto her suddenly and unexpectedly.

34.     Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, knew that consumers would use the Ninja Foodi Cooker, Model No. 0P350C0 107 as Plaintiff ARIANA STERLING did on or about September 7, 2023.

35.     Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, manufactured, designed, assembled, packaged, tested, fabricated, inspected, marketed, distributed, and sold the Ninja Foodi Cooker, Model No. 0P350C0 107 with defects in both design and manufacturing which made them dangerous, hazardous, and unsafe for their intended and reasonably foreseeable use.

36.     The Ninja Foodi Cooker, Model No. 0P350C0 107 had substantial risks and dangers that were known or knowable by all Defendants due to general mechanical, engineering, and/or scientific knowledge available before, during, and after the design, manufacture, and distribution of the DEFECTIVE PRESSURE COOKER. Such DEFECTIVE PRESSURE COOKER failed to meet the consumer expectations test.

37. The design and manufacturing defects in the Ninja Foodi Cooker, Model No. 0P350C0 107 included: defective and unsafe design, which resulted in the pressure-cooking lid being opened during use, causing hot contents to escape, posing a risk of burn injuries to consumers in the course of intended use.

38. The DEFECTIVE PRESSURE COOKER were expected to and did, reach Plaintiff ARIANA STERLING without substantial change in their condition as designed, manufactured, and distributed by Defendants.

39. Defendants had duties to provide adequate instructions or warnings to ordinary consumers and users but failed to do so.

40. Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, owed a duty to Plaintiff ARIANA STERLING to provide adequate instructions or warnings to ordinary consumers and users but failed to do so.

41. Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, owed a duty to Plaintiff ARIANA STERLING to exercise reasonable care in the design, manufacture, testing, and inspection of the Ninja Foodi Cooker, Model No. 0P350C0 107 so that the subject products could be safely used in the manner and for the purposes intended and/or reasonably foreseeable. Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, failed to satisfy that duty.

42. Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, had actual or constructive knowledge of the risks inherent in the Ninja Foodi Cooker, Model No. 0P350C0 107 at the time of their sale to Plaintiff ARIANA STERLING, and Defendants knew or reasonably should have known that this product lid could be opened during use, causing hot contents to escape, posing a risk of burn injuries to consumers.

43. The inherent risks and dangers in using the Ninja Foodi Cooker, Model No. 0P350C0 107 in an intended or reasonably foreseeable way presented a substantial danger to Plaintiff ARIANA STERLING.

44. An ordinary consumer, such as Plaintiff ARIANA STERLING, would not have recognized the potential risks and dangers inherent in the Ninja Foodi Cooker, Model No. 0P350C0 107.

45. Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, failed to warn of the

8

dangers in the reasonably foreseeable use of the Ninja Foodi Cooker, Model No. 0P350C0 107. Nowhere does the product or packaging warn of risk of the pressure-cooking lid being opened during use, causing hot contents to escape, posing a risk of burn injuries to consumers. There were simply no warnings about the hazards inherent in the Ninja Foodi Cooker, Model No. 0P350C0 107.

46.    Defendants COSTCO, SHARKNINJA, and DOES 1 – 10's, inclusive, failure to warn of the risks and instructions on safe use was a substantial factor in causing Plaintiff ARIANA STERLING's severe injuries and damages as herein alleged.

47.    As a direct and proximate result of the subject incident and Defendants COSTCO, SHARKNINJA, and DOES 1 – 10's, inclusive, failure to adequately warn of the substantial risks and dangers of the Ninja Foodi Cooker, Model No. 0P350C0 107 or to meet consumer expectations, Plaintiff ARIANA STERLING suffered severe personal injuries and damages, including but not limited to, as alleged herein:

a.    Plaintiff ARIANA STERLING has suffered, continues to suffer, and will in the future suffer great mental, physical, and emotional pain and impairment, in sums according to proof at the time of trial; and

b.    Plaintiff ARIANA STERLING was required to, and did, and will in the future, employ physicians and surgeons to examine, treat and care for her, and did and will in the future incur medical and incidental expenses for such care and services, in a sum according to proof at the time of trial; and

c.    Plaintiff ARIANA STERLING has incurred past and future loss of earnings and diminished earning capacity, in an amount according to proof at the time of trial.

48.    SHARKNINJA and Does 5 - 10's, inclusive, conduct described herein was despicable conduct carried out with a willful and conscious disregard of the risk of safety to Plaintiff ARIANA STERLING. SHARKNINJA and Does 5 - 10, inclusive, failed to implement a safer alternative, or conduct any testing or safety precautions on devices that have an inherent risk of explosion. SHARKNINJA and Does 5 - 10, inclusive, knew of the risk that the Ninja Foodi Cooker, Model No. 0P350C0 107 would explode and knowingly failed to take steps to design and manufacture a safer product, or warn consumers of such known risks. SHARKNINJA and Does 5 - 10, inclusive, placed

9

profit over safety and knowingly decided to forego safer designs to cut corners and costs.

49.   Said conduct by SHARKNINJA and Does 5 - 10, subjected Plaintiff ARIANA STERLING to cruel and unjust hardship in conscious disregard of their rights and/or was an intentional misrepresentation, deceit or concealment of material facts known to SHARKNINJA and Does 5 - 10, inclusive, with the intention to deprive Plaintiff ARIANA STERLING of property, legal rights or to otherwise cause injury. Said conduct thus constitutes malice, oppression, or fraud under California Civil Code section 3294, thereby entitling Plaintiff ARIANA STERLING to punitive damages against SHARKNINJA and Does 5 - 10, inclusive, in an amount appropriate to punish or set an example of SHARKNINJA and Does 5 - 10.

50.   SHARKNINJA and Does 5 - 10's, inclusive, conduct described herein was undertaken by its officers or managing agents, who were responsible for the design, manufacture, marketing, wholesaling, retailing, distributing, packaging, and warnings regarding use of the Ninja Foodi Cooker, Model No. 0P350C0 107. The conduct of said managing agents and individuals was therefore undertaken on behalf of SHARKNINJA and Does 5 - 10, inclusive. SHARKNINJA and Does 5 – 10, inclusive, further had advance knowledge of the actions and conduct of these individuals whose actions and conduct were ratified, authorized, and approved by managing agents.

51.   Plaintiff ARIANA STERLING reserves the right to seek leave of court to amend this Complaint to allege punitive damages against any Defendant based on facts that may be learned during discovery to justify such amendment.

## SECOND CAUSE OF ACTION

### Strict Products Liability (Design Defect)

(By Plaintiff ARIANA STERLING against Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive,)

52.   Plaintiff ARIANA STERLING incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

53.   The Ninja Foodi Cooker, Model No. 0P350C0 107 contained a design and/or manufacturing defect when the Ninja Foodi Cooker, Model No. 0P350C0 107 was introduced into the stream of commerce by Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive.

54. Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, knew that consumers would use the Ninja Foodi Cooker, Model No. 0P350C0 107 as Plaintiff ARIANA STERLING did on or about September 7, 2023. They knew that consumers would expect the pressure cooker and its lid to work properly and not explode and spew hot contents.

55. The Ninja Foodi Cooker, Model No. 0P350C0 107 was defective and unsafe for its intended use. Due to the design and/or manufacturing defects, the Ninja Foodi Cooker, Model No. 0P350C0 107 failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

56. Furthermore, the risk of danger in the design of the Ninja Foodi Cooker, Model No. 0P350C0 107 outweighed any benefits of the design, and safer alternative designs were available at the time of manufacture. Therefore, the Ninja Foodi Cooker, Model No. 0P350C0 107 presented a substantial and unreasonable risk of serious injuries to users of said product or those in the vicinity of use.

57. The defects in the design and manufacture of the Ninja Foodi Cooker, Model No. 0P350C0 107 was a substantial factor in causing Plaintiff ARIANA STERLING's severe injuries and damages as herein alleged.

58. As a direct and proximate result of the subject incident and Defendants COSTCO, SHARKNINJA, and DOES 1 – 10's, inclusive, acts or omissions as alleged herein, Plaintiff ARIANA STERLING suffered severe personal injuries and damages, including but not limited to, as alleged herein:

a. Plaintiff ARIANA STERLING has suffered, continues to suffer, and will in the future suffer great mental, physical, and emotional pain and impairment, in sums according to proof at the time of trial; and

b. Plaintiff ARIANA STERLING was required to, and did, and will in the future, employ physicians and surgeons to examine, treat and care for him, and did and will in the future incur medical and incidental expenses for such care and services, in a sum according to proof at the time of trial; and

c. Plaintiff ARIANA STERLING has incurred past and future loss of earnings and

11

diminished earning capacity, in an amount according to proof at the time of trial.

59.    Plaintiff ARIANA STERLING incorporates by reference the damage allegations of paragraph 48-51 alleged against Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, as though fully set forth herein.

### THIRD CAUSE OF ACTION

### Strict Products Liability (Manufacturing Defect)

(By Plaintiff ARIANA STERLING against Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive)

60.    Plaintiff ARIANA STERLING incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

61.    The defective manufacturing of the Ninja Foodi Cooker, Model No. 0P350C0 107 was a substantial factor in causing Plaintiff ARIANA STERLING's severe injuries and damages as herein alleged.

62.    As a direct and proximate result of the subject incident and Defendants COSTCO, SHARKNINJA, and DOES 1 – 10's, inclusive, acts or omissions as alleged herein, Plaintiff ARIANA STERLING suffered severe personal injuries and damages, including but not limited to, as alleged herein:

a.    Plaintiff ARIANA STERLING has suffered, continues to suffer, and will in the future suffer great mental, physical, and emotional pain and impairment, in sums according to proof at the time of trial; and

b.    Plaintiff ARIANA STERLING was required to, and did, and will in the future, employ physicians and surgeons to examine, treat and care for her, and did and will in the future incur medical and incidental expenses for such care and services, in a sum according to proof at the time of trial; and

c.    Plaintiff ARIANA STERLING has incurred past and future loss of earnings and diminished earning capacity, in an amount according to proof at the time of trial.

63.    Plaintiff ARIANA STERLING incorporates by reference the damage allegations of paragraph 48-51 alleged against Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, as

though fully set forth herein.

## FOURTH CAUSE OF ACTION

### Negligence

(By Plaintiff ARIANA STERLING against Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive,)

64.     Plaintiff ARIANA STERLING incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

65.     Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, negligently, recklessly, and carelessly manufactured, fabricated, designed, assembled, distributed, sold, inspected, warranted, and advertised the Ninja Foodi Cooker, Model No. 0P350C0 107 such that they were dangerous and unsafe for their intended and/or reasonably foreseeable use.

66.     Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, owed a duty to Plaintiff ARIANA STERLING to exercise reasonable care in the design, manufacture, and sale of the Ninja Foodi Cooker, Model No. 0P350C0 107, to ensure the Ninja Foodi Cooker, Model No. 0P350C0 107 was safe for its reasonably foreseeable use.

67.     Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, failed to exercise the amount of care in the design, manufacture, and sale of the Ninja Foodi Cooker, Model No. 0P350C0 107, that a reasonably careful manufacturer, designer, seller, wholesaler, or distributor would have used in similar circumstances to avoid exposing others to a foreseeable risk of harm.

68.     Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, knew or reasonably should have known that the Ninja Foodi Cooker, Model No. 0P350C0 107 was dangerous when used or misused in a reasonably foreseeable manner.

69.     Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, knew or reasonably should have known that users would not realize the danger of explosion and/or fire from the use or non-use of the Ninja Foodi Cooker, Model No. 0P350C0 107.

70.     Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, failed to adequately warn of the dangers of explosion and/or fire, or instruct on the safe use of the Ninja Foodi Cooker, Model No. 0P350C0 107.

71.    A reasonable manufacturer, designer, seller, wholesaler, or distributor in similar circumstances would have warned of the danger or instructed on safe use of the product.

72.    Defendants COSTCO, SHARKNINJA, and DOES 1 – 10's, inclusive, failure to warn or instruct was a substantial factor is causing Plaintiff ARIANA STERLING's harm.

73.    The negligence of Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, was a substantial factor in causing the explosion and serious injuries to Plaintiff ARIANA STERLING as previously alleged.

74.    As a proximate result of Defendants COSTCO, SHARKNINJA, and DOES 1 – 10's, inclusive, negligent conduct, Plaintiff ARIANA STERLING suffered severe personal injuries and damages, including but not limited to, as alleged herein:

    a.    Plaintiff ARIANA STERLING has suffered, continues to suffer, and will in the future suffer great mental, physical, and emotional pain and impairment, in sums according to proof at the time of trial; and

    b.    Plaintiff ARIANA STERLING was required to, and did, and will in the future, employ physicians and surgeons to examine, treat and care for her, and did and will in the future incur medical and incidental expenses for such care and services, in a sum according to proof at the time of trial; and

    c.    Plaintiff ARIANA STERLING has incurred past and future loss of earnings and diminished earning capacity, in an amount according to proof at the time of trial.

## FIFTH CAUSE OF ACTION

### Breach of Express and Implied Warranties

(By Plaintiff ARIANA STERLING against Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive)

75.    Plaintiff ARIANA STERLING incorporates by reference all prior paragraphs in this Complaint as though fully set forth herein.

76.    In December 2020, Plaintiff ARIANA STERLING purchased a Ninja Foodi Cooker, Model No. 0P350C0 107 from Defendants, and DOES 1-10, inclusive.

77.    At the time of the purchase, Defendants, and DOES 1-10, inclusive, knew or had reason

to know that Plaintiff ARIANA STERLING intended to use the Ninja Foodi Cooker, Model No. 0P350C0 107 for the particular purpose she was using it on September 7, 2023.

78.     At all times herein mentioned Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, expressly and impliedly warranted and promised to members of the general public, including, but not limited to Plaintiff ARIANA STERLING that the Ninja Foodi Cooker, Model No. 0P350C0 107 was of good quality and safe for its intended use.

79.     These express and implied warranty representations were in fact false and untrue to the extent that members of the general public, including Plaintiff ARIANA STERLING, was severely injured after using the Ninja Foodi Cooker, Model No. 0P350C0 107 in its normal, foreseeable, reasonable, intended, and anticipated use.

80.     As a further result of the unfit and improper Ninja Foodi Cooker, Model No. 0P350C0 107 and the conduct by Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, Plaintiff ARIANA STERLING has suffered severe personal injuries and damages, including but not limited to, as alleged herein:

a.     Plaintiff ARIANA STERLING has suffered, continues to suffer, and will in the future suffer great mental, physical, and emotional pain and impairment, in sums according to proof at the time of trial; and

b.     Plaintiff ARIANA STERLING was required to, and did, and will in the future, employ physicians and surgeons to examine, treat and care for her, and did and will in the future incur medical and incidental expenses for such care and services, in a sum according to proof at the time of trial; and

c.     Plaintiff ARIANA STERLING has incurred past and future loss of earnings and diminished earning capacity, in an amount according to proof at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ARIANA STERLING demands judgment against Defendants COSTCO, SHARKNINJA, and DOES 1 – 10, inclusive, as follows:

1.     For general damages according to proof;

2.     For special damages according to proof;

15

3.    For compensatory damages according to proof;

4.    Punitive damages as to SHARKNINJA and Does 5 – 10 only, for the oppressive, malicious, or fraudulent conduct of SHARKNINJA and Does 5 – 10 only, in an amount to be determined at trial;

5.    For any and all statutory damages allowed by law;

6.    Prejudgment interest in an amount according to proof to be determined at the time of trial;

7.    For costs of suit; and

8.    For such other and further relief as the Court deems just and proper.

Dated: September 2, 2025

_____
THUY M. LE
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a jury trial on all legal causes of action that are triable to a jury.

Dated: September 2, 2025

_____
THUY M. LE
Attorney for Plaintiff